# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| RONNEY HARRIMAN,<br><br>Plaintiff,<br><br>vs.<br><br>DR. KOHUT and DR. RANTZ,<br><br>Defendants. | Cause No. CV 12-00056-H-DLC-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS |

## SYNOPSIS

Plaintiff Ronney Harriman filed an Amended Complaint alleging Defendants violated his Eighth Amendment rights by failing to provide him with a surgery to repair a hernia. C.D. 6. The Amended Complaint fails to state a claim upon which relief may be granted and should be dismissed. Mr. Harriman alleges only that he disagreed with the course of treatment chosen by prison medical staff. Following a treatment plan other than the one preferred by the prisoner is not deliberate indifference.

## JURISDICTION

Mr. Harriman filed this action in federal court. C.D. 2. The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R.

1

Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Amended Complaint presents a federal question under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana Christensen, United States District Judge, and referred to this Court in compliance with Local Rule 73.1(a)(1).

## STATUS

A pre-service review of Mr. Harriman's original Complaint found that the well-pleaded facts were dated and did not amount to deliberate indifference. Mr. Harriman was granted leave to amend his Complaint. C.D. 4. On November 15, 2012, Mr. Harriman filed an Amended Complaint. C.D. 6. On December 10, 2012, Mr. Harriman filed a notice of change of address indicating he had been released from prison and was living in California. C.D. 7.

## STANDARDS

### A. Stating a claim

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Leave to amend

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The court liberally construes pro se pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

## C. 42 U.S.C. § 1983

To state a § 1983 claim for failure to provide medical care, a prisoner must allege a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).

In the Ninth Circuit, the test for deliberate indifference to medical needs is two-pronged: (1) "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain"; and (2) "the plaintiff must show the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012)(quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

The second prong requires a showing of: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 quoting Jett, 439 F.3d at 1096. "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)(citing Estelle, 429 U.S. at 104-

4

05).

## FACTS

Mr. Harriman provided no facts in his Amended Complaint other than those already presented in his original complaint. He contends he had surgery for his hernia in 2007 but it did not solve the problem. He again alleges that a doctor opined in November 2008 that his hernia was repairable but, as set forth in the Court's prior Order, that same doctor opined in June 2009 that surgery was "relatively elective, meaning that there is no urgency or emergency need to repair it." C.D. 2-3, p. 5. Mr. Harriman contends his condition has continued to worsen and is very painful. C.D. 6-1.

## ANALYSIS

If Mr. Harriman's hernia constitutes a "serious medical need" under the Eighth Amendment, the allegations in Mr. Harriman's Amended Complaint still only establish a difference of opinion regarding whether Mr. Harriman's medical condition requires surgery. Allegations that treatment has been requested and denied because a difference of opinion with medical staff, absent more, do not state a claim for deliberate indifference. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) Mr. Harriman provided no additional factual allegations in his Amended Complaint than his original complaint. He provided no recent

5

information regarding his condition or what treatment he may or may not have received since June 2009. His allegations fail to state a claim for deliberate indifference. See Wilhelm, 680 F.3d at 1123 (doctor who misdiagnosed an inmate's need for hernia surgery was not deliberately indifferent).

## CONCLUSION

Mr. Harriman's allegations fail to state a claim upon which relief may be granted as set forth above and in the Order dated October 16, 2012. C.D. 4. Mr. Harriman was given an opportunity to correct these defects and he provided no new facts to establish a constitutional violation. Therefore, the defects could not be cured by further amendments and the case should be dismissed.

**"Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This dismissal constitutes a strike because Mr. Harriman failed to state a claim upon which relief may be granted.

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the

> district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
>> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Harriman's Complaints fail to state a claim upon which relief may be granted is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

7

**Address Change**

At all times during the pendency of this action, Mr. Harriman SHALL IMMEDIATELY ADVISE the Court of any change of address. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. This matter should be dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Harriman's failure to state a claim.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Mr. Harriman's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Harriman may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Harriman files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Harriman from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to

appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 11th day of February, 2013.

      /s/ Keith Strong
Keith Strong
United States Magistrate Judge